■ In the Matter of STUART B. COHEN, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents. — Judgment of the Supreme Court, New York County (Richard L. Price, J.), entered on April 19, 1982, vacated and the application treated as one transferred to this court for determination, and upon such transfer and review, the determination of the police commissioner imposing, as punishment, the forfeiture of 25 days' vacation pay is unanimously confirmed, without costs. Petitioner, a member of the police force, approached the sergeant sometime prior to roll call for his assigned tour of duty and requested that he be permitted to exchange assignments with another police officer assigned to the same tour of duty. The request was denied. Following roll call and prior to departure on his tour of duty petitioner notified the sergeant that he would "go sick". He so reported before he was to start on his shift. Thereafter, and within 14 hours after reporting sick he was examined by a police surgeon and found fit for duty. Subsequently, he was charged with feigning illness. A hearing was had and petitioner was found guilty as charged. The punishment was forfeiture of 25 days' vacation time. The finding was amply supported by the evidence and the penalty imposed is not " 'shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). The only problem raised stems from the determination on the merits by Special Term, a procedure which both sides concede was improper. CPLR 7803 (subd 4) and 7804 (subd [g]) provide that where the administrative determination is the result of a hearing and the only issue raised is whether the determination is supported by substantial evidence, the matter shall be transferred to the Appellate Division for determination. Inasmuch as this was not done, we have vacated the order and judgment of Special Term and treated the matter as if it had been transferred to us in the first instance. Concur — Carro, J. P., Asch, Bloom, Fein and Kassal, JJ.

■ In the Matter of IRVING BECKER, an Attorney. — Motion, insofar as it seeks an order holding respondent in contempt, granted only to the extent of referring the matter to a referee to hear and report with respect to respondent's alleged failure to comply with the provisions of 22 NYCRR 603.13, and the motion is denied in all other respects. The suspension of respondent is continued until the further order of this court. Concur — Murphy, P. J., Ross, Bloom, Milonas and Alexander, JJ.